## TAYLOR *v.* NICHOLS.

### (*Knoxville.*    October 4th, 1887.)

1. CHANCERY JURISDICTION.    *Over removal of estates of lunatics to another State.*

   Chancery Courts have inherent and exclusive jurisdiction to order the removal to another State, on application of the foreign guardian of an adult non-resident lunatic, funds owned by said lunatic in this State, whether the same be under the immediate control of the Court, or in the hands of a domestic guardian. But this jurisdiction should never be exercised unless the best interests of the lunatic will be clearly subserved thereby.

2. CHANCERY PLEADING.    *Bill for removal, failing to tender bond. Demurrer.*

   A bill by a foreign guardian, seeking the removal from this State of an adult non-resident lunatic's funds, is not bad on demurrer for failure to tender bond of the guardian to cover the funds sought to be removed.

   Such bond must, however, be given, either in the Court appointing the guardian, or in the Court where the bill is filed, before any removal of the funds will be ordered.

   Case cited and approved: Andrews' Heirs, 3 Hum., 591.

   Cited and distinguished: McClelland *v.* McClelland, 7 Bax., 211.

3. SUPREME COURT PRACTICE.    *Will not consider question not raised below.*

   A foreign guardian of a non-resident lunatic filing his bill for removal of his ward's funds from this State should exhibit therewith a duly certified copy of his appointment and qualification; but the failure to do so, unless taken advantage of by demurrer, may be supplied in the proof. This Court will not consider a ground of demurrer to a bill which was not raised below.

---

FROM JEFFERSON.

---

Appeal from Chancery Court of Jefferson County. C. J. ST. JOHN, Ch.

JESSE L. ROGERS for Taylor.

INGERSOLL & PARK for Nichols.

LURTON, J.    This is a bill filed for the purpose of procuring the removal of the estate of Tyler Aily, a person of unsound mind, from this State to the State of Arkansas.

By proper proceedings, Aily was, while a resident of this State, adjudicated a lunatic, and the defendant, Nichols, duly appointed and qualified as his guardian. After such appointment, the ward either removed, or was removed to the State of Arkansas, where he now resides. Since his removal, the complainant, a citizen of that State, claims to have been appointed by the courts of that State guardian for said Aily. This foreign guardian now files this bill against the Tennessee guardian, alleging the residence of said Aily to be in Arkansas, and that he has been duly qualified as his guardian, and that there is a fund in the hands of the Tennessee guardian belonging to said Aily, and a fund in the Chancery Court, in which this bill was filed, likewise belonging to said Aily; and praying that the estate of his said ward may be removed to the State of Arkansas. The defendant demurred, and the bill was dismissed, and from this decree there is an appeal.

The principal ground relied upon to sustain this decree is, that the lunatic, being an adult, and not a minor, the Chancery Court has no juris-

diction to sanction the removal of the estate of such lunatic out of this State. This ground of demurrer is not well taken. Jurisdiction to order the removal of the estate of a minor from this to another State has been regulated by statute. New Code, § 3414, *et seq.* But this statutory regulation does not extend to the case of an adult of unsound mind.

By Sections 4430 and 5041, the Chancery Court is given, concurrently with the County Court, jurisdiction over the estates of idiots, lunatics, and persons of unsound mind. Although it is, perhaps, true that the Chancery Courts of this State had not, prior to the statute, jurisdiction to ascertain and declare lunacy, or appoint a guardian, yet there can be but little doubt but that when an inquisition had been had, and a committee or guardian appointed, that a jurisdiction then arose, without regard to statute, in Courts of Chancery, to supervise and control the official conduct of such committee. Possibly this supplementary jurisdiction arose from the general authority of courts of equity over trusts, trustees, and fiduciary persons. 3 Pomeroy Eq., § 1312.

Whatever may be the origin of this jurisdiction over a declared lunatic, his guardian, and estate, there can be no doubt that such jurisdiction is a part of the ancient and inherent authority of that court. The statute only confirms such jurisdiction; and with regard to the kind of relief sought by this bill, we hold that the Chancery Court has ex-

Taylor *v.* Nichols.

clusive jurisdiction to sanction the removal of the estate of an adult person of unsound mind from this State to a foreign State. Such jurisdiction ought only to be exercised where it clearly appears that the interest of the lunatic will be subserved by such removal.

The next ground of demurrer is to the effect that the bill does not tender the execution of a bond in the Chancery Court to cover the fund sought to be removed. This is unimportant. No decree for such removal ought to be made without the Court is satisfied that the foreign guardian has given bond, ample in amount and solvent, and conditioned to account for the fund removed, according to the laws of the State appointing such guardian. But this bond *may be* executed in the court appointing the guardian, and if the Chancery Court deems such bond sufficient, in form and amount, the jurisdiction to decree the removal would be complete. Undoubtedly it would be within the power of our domestic court to refuse a decree of removal, unless a special bond was executed in such court. But the failure to tender such bond is not ground of demurrer. *Andrews' Heirs*, 3 Hum., 591. The case of *McClelland* v. *McClelland*, 7 Bax., 211, was a case where the bill was filed by a foreign guardian of minors to sell lands of his wards in this State. In that case it was held that a special bond for the fund to so arise would be required. The bill now under consideration does

Taylor *v.* Nichols.

not seek to sell lands, and hence that case is not in point.

It is next insisted in argument that the record exhibited with the bill, showing appointment and qualification of complainant, has not been certified by the Judge of the court making such appointment, as required by act of Congress concerning the proof of records from another State. This would be a fatal defect, if the demurrer was so framed as to raise the objection. But there is no demurrer raising this question. Undoubtedly the Chancery Court ought not to sanction the removal of the estate of this lunatic, unless a duly certified record of the appointment and qualification of such foreign guardian is filed.

The decree of the Chancellor is reversed, and the cause will be remanded for further proceedings.

The costs of this court will be paid by the Tennessee guardian out of the estate of his ward.